IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XODUS MEDICAL INC., ALESSIO PIGAZZI and GLENN KEILAR,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME MEDICAL LLC and SYMMETRY SURGICAL INC.,<br><br>Defendants. | Civil Action<br><br>No. 2:16-cv-01704-JFC<br><br>Judge Joy Flowers Conti<br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

### FIRST AMENDED COMPLAINT

Plaintiffs Xodus Medical Inc., Alessio Pigazzi, and Glenn Keilar, through their undersigned counsel, hereby allege the following for their First Amended Complaint against Defendants Prime Medical LLC and Symmetry Surgical Inc.:

### THE PARTIES

1. Plaintiff Xodus Medical Inc. ("Xodus") is a Pennsylvania corporation having its principal place of business at 702 Prominence Drive, New Kensington, Pennsylvania 15068.

2. Plaintiff Alessio Pigazzi is an individual with a place of residence at 517 Euclid Street, Santa Monica, California 90402.

3. Plaintiff Glenn Keilar is an individual with a place of residence at 25351 Campina Drive, Mission Viejo, California 92691.

4. Upon information and belief, Defendant Prime Medical LLC ("Prime") is a limited liability company having its principal place of business at 5802 Kingston Pike, Knoxville, Tennessee 37919.

5. Upon information and belief, Defendant Symmetry Surgical Inc. ("Symmetry") is a corporation having its principal place of business at 3034 Owen Drive, Antioch, Tennessee 37013.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendants because defendants have committed, and continue to commit, acts of infringement in this district.

9. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Defendants have committed acts of infringement in this district.

## FACTS

10. On October 20, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,161,876 ("the '876 patent").

11. The '876 patent issued from U.S. Patent Application No. 13/957,778, filed on August 2, 2013, which is a continuation of U.S. Patent Application No. 13/737,552, filed on January 9, 2013; a continuation of U.S. Patent Application No. 13/773,290, filed on February 21, 2013; a continuation-in-part of U.S. Patent Application No. 13/346,852, filed on January 10, 2012; and claims the benefit of the filing date of U.S. Provisional Patent Application No. 61/654,339, filed on June 1, 2012.

12. Alessio Pigazzi and Glenn Keilar are the owners of all right, title, and interest to the '876 patent.

13. Xodus is the exclusive licensee of the '876 patent. A true and correct copy of the '876 patent is attached hereto as Exhibit A, and is incorporated by reference as if fully restated herein.

14. Upon information and belief, Prime formed in 2012, sometime after Xodus began manufacturing and selling its commercial embodiment of the invention claimed in the '876 patent. Capitalizing on the success of the patented invention recited in the '876 patent, Prime markets and sells infringing products to hospitals at less than the price of Xodus's product. Prime's infringing products are sold to hospitals for the same purpose as Xodus's product, and read on all of the elements of claims 1, 3, 17, and 18.

15. Upon information and belief, Symmetry markets and sells Prime's infringing patient positioning system.

16. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP100, a foam Trendelenburg O.R. Table Pad.

17. Upon information and belief, Symmetry sells, offers for sale, uses, imports, and/or exports the STP100.

18. Upon information and belief, the STP100 reads on each and every element of claims 1 and 3 of the '876 Patent.

19. Upon information and belief, Prime intends the STP100 to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP100 for use in that manner.

20. Upon information and belief, Symmetry intends the STP100 to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Symmetry markets the STP100 for use in that manner.

21. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP100 S, a foam Trendelenburg O.R. Table Pad.

22. Upon information and belief, Symmetry sells, offers for sale, uses, imports, and/or exports the STP100 S.

23. Upon information and belief, the STP100 S reads on each and every element of claims 1 and 3 of the '876 Patent.

24. Upon information and belief, Prime intends the STP100 S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP100 S for use in that manner.

25. Upon information and belief, Symmetry intends the STP100 S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Symmetry markets the STP100 S for use in that manner.

26. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP100S-WING, a foam Trendelenburg O.R. Table Pad.

27. Upon information and belief, Symmetry sells, offers for sale, uses, imports, and/or exports the STP100S-WING.

28. Upon information and belief, the STP100S-WING reads on each and every element of claims 1 and 3 of the '876 Patent.

29. Upon information and belief, Prime intends the STP100S-WING to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP100S-WING for use in that manner.

30. Upon information and belief, Symmetry intends the STP100S-WING to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Symmetry markets the STP100S-WING for use in that manner.

31. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP200/ S, a foam Trendelenburg O.R. Table Pad.

32. Upon information and belief, Symmetry sells, offers for sale, uses, imports, and/or exports the STP200/ S.

33. Upon information and belief, the STP200/ S reads on each and every element of claims 1 and 3 of the '876 Patent.

34. Upon information and belief, Prime intends the STP200/ S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP200 /S for use in that manner.

35. Upon information and belief, Symmetry intends the STP200/ S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Symmetry markets the STP200 /S for use in that manner.

36. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP150 S, a foam Trendelenburg O.R. Table Pad.

37. Upon information and belief, Symmetry sells, offers for sale, uses, imports, and/or exports the STP150 S.

38. Upon information and belief, the STP150 S reads on each and every element of claims 1 and 3 of the '876 Patent.

No. 2:16-cv-01704-JFC

39. Upon information and belief, Prime intends the STP150 S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP150 S for use in that manner.

40. Upon information and belief, Symmetry intends the STP150 S to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Symmetry markets the STP150 S for use in that manner.

41. Upon information and belief, Prime sells, offers for sale, uses, imports, and/or exports STP100 PED, a foam Trendelenburg O.R. Table Pad.

42. Upon information and belief, the STP100 PED reads on each and every element of claims 1 and 3 of the '876 Patent.

43. Upon information and belief, Prime intends the STP100 PED to be used in a manner that reads on each and every element of claims 17 and 18 of the '876 patent, and Prime markets the STP100 PED for use in that manner.

44. Examples of Prime's infringing products, recited above, may be seen on Prime's website, http://primemedicalllc.com/steep-trendelenburg-positioners/ (last visited Jan. 10, 2017).

45. Examples of Symmetry's sale of the infringing products, recited above, may be seen on Symmetry's website, http://parttrap-ssi-web-2.azurewebsites.net/Welcome/Default.aspx?scenarioID=360&search=stp&searchShowSaldo=&type=0 (last visited Jan. 10, 2017).

## COUNT I
## (INFRINGEMENT OF THE '876 PATENT)

46. Plaintiffs incorporate by reference herein the averments set forth in paragraphs 1 – 45 hereof as if set forth herein in their entirety.

47. Defendants have and continue to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell the STP100.

48. Defendants have and continue to infringe claims 17 and/or 18 of the '876 Patent by inducing others to use the STP100.

49. Defendants have and continue to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell the STP100 S.

50. Defendants have and continue to infringe claim 17 and/or 18 of the '876 Patent by inducing others to use the STP100 S.

51. Defendants have and continue to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell the STP100S-WING.

52. Defendants have and continue to infringe claim 17 and/or 18 of the '876 Patent by inducing others to use the STP100S-WING.

53. Defendants have and continue to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell STP200/ S.

54. Defendants have and continue to infringe claim 17 and/or 18 of the '876 Patent by inducing others to use STP200/ S.

55. Defendants have and continue to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell STP150 S.

56. Defendants have and continue to infringe claim 17 and/or 18 of the '876 Patent by inducing others to use STP150 S.

57. Prime has and continues to infringe claims 1 and/or 3 of the '876 Patent by selling and/or offering to sell the STP100 PED.

58. Prime has and continues to infringe claim 17 and/or 18 of the '876 Patent by inducing others to use the STP100 PED.

59. Defendants are directly infringing, contributorily infringing and/or inducing the infringement of these claims.

60. Defendants will continue to infringe these claims unless enjoined by this Court.

61. Defendants' activities in infringing are willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

62. Plaintiffs have been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of these claims unless this Court restrains the infringing acts of Defendants.

63. Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

A. that Defendants, their officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing claims 1, 3, 17, and/or 18 of United States Patent No. 9,161,876;

B. that a decree be entered adjudging that Defendants Prime and Symmetry infringed claims 1, 3, 17, and/or 18 of United States Patent No. 9,161,876 and that such infringement was willful;

C. that Defendants Prime and Symmetry be ordered to pay damages to Plaintiffs pursuant to 35 U.S.C. § 284, including interest from the dates of

infringement, resulting from Defendants' infringement of claims 1, 3, 17, and/or 18 of United States Patent No. 9,161,876;

D. that Defendants be ordered to pay to Plaintiffs treble damages pursuant to 35 U.S.C. § 284, resulting from Defendants' willful infringement of claims 1, 3, 17, and/or 18 of United States Patent No. 9,161,876;

E. that Plaintiffs be awarded their costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F. that Plaintiffs be awarded such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: January 13, 2017

s/ *Thomas C. Wolski*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Thomas C. Wolski (PA ID No. 203072)
David A. DuMont (PA ID No. 205858)

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815/412.471.4094 (fax)
kbaldaufjr@webblaw.com
twoslki@webblaw.com
ddumont@webblaw.com

*Attorneys for Plaintiffs*